# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

MICHAEL WAITS,
individually and on behalf of
all others similarly situated,

       Plaintiff,                CASE NO. 18-CV-771

   v.

U-LINE CORPORATION,

       Defendant.

---

## FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

---

### PRELIMINARY STATEMENT

1.    This is a collective and class action brought by Plaintiff Michael Waits, individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, hourly employees of Defendant U-Line Corporation (hereinafter "U-Line") at times since May 21, 2015. During that time, U-Line has had a common policy and practice of impermissibly rounding the start and end times of its hourly employees' work hours so as to deny such employees for compensation for all hours worked. Additionally, at times since May 21, 2015, U-Line has had a common practice of paying Plaintiff Waits and the other hourly employees non-discretionary bonuses while failing to factor such bonuses into the employees' regular rates of pay for purposes of calculating overtime wages when they worked in excess of forty hours in a given workweek. As a result of

the foregoing, U-Line has failed to pay Plaintiff Waits all minimum wages and overtime wages due under the Fair Labor Standards Act of 1938 ("FLSA") and Wisconsin law as well as all agreed-upon wages as required by Wisconsin law.

2. Plaintiff Waits brings this action, individually and on behalf of other similarly-situated current and former hourly employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid minimum wage and overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

3. Plaintiff Waits also brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin law for unpaid minimum wage and overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant U-Line has substantial and systematic contacts in this district.

## PARTIES

7. Defendant U-Line is a Wisconsin Corporation with a principal place of business located in Milwaukee, Wisconsin. U-Line's registered agent for service of process in the State of Wisconsin is C T Corporation System located in Madison, Wisconsin.

8. Plaintiff Michael Waits is an adult resident of Milwaukee County in the State of Wisconsin. Waits is a former, hourly employee of U-Line who worked from on or around May 2016 to March 2018. Waits' Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

9. Plaintiff Waits brings this action individually and on behalf of the Collective Rounding Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Rounding Class** is defined as follows:

> All persons who are or have been employed by U-Line and who were paid on an hourly basis at any time since May 21, 2015.

10. Plaintiff Waits brings this action individually and on behalf of the Wisconsin Rounding Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Rounding Class** is defined as follows:

> All persons who are or have been employed by U-Line and who were paid on an hourly basis at any time since May 21, 2016.

11.     Plaintiff Waits brings this action individually and on behalf of the Collective Bonus Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Bonus Class** is defined as follows:

> All persons who are or have been employed by U-Line as hourly employees and who have received non-discretionary bonuses at any time since May 21, 2015.

12.     Plaintiff Waits brings this action individually and on behalf of the Wisconsin Bonus Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Bonus Class** is defined as follows:

> All persons who are or have been employed by U-Line as hourly employees and who have received non-discretionary bonuses at any time since May 21, 2016.

13.     The Collective Rounding Class and Collective Bonus Class shall be jointly referred to as the "Collective Classes" hereinafter.

14.     The Wisconsin Rounding Class and Wisconsin Bonus Class shall be jointly referred to as the "Wisconsin Classes" hereinafter.

## GENERAL ALLEGATIONS

15.     Since May 21, 2015, U-Line has designed, engineered, and assembled premium modular ice making, refrigeration, and wine preservation products in Milwaukee, Wisconsin.

16.     Plaintiff Waits and the Collective Classes have been employed by U-Line at times since May 21, 2015.

17. Plaintiff Waits and the Wisconsin Classes has been employed by U-Line in the State of Wisconsin at times since May 21, 2016.

18. At times since May 21, 2015, Plaintiff Waits and the Collective Classes have been paid on an hourly basis during their employments at U-Line.

19. At times since May 21, 2016, Plaintiff Waits the Wisconsin Classes have been paid on an hourly basis during their employments at U-Line.

20. Since May 21, 2015, U-Line has required Plaintiffs Waits, the Collective Classes, and the Wisconsin Classes to track the start and end times of their work on a daily basis through a timekeeping system implemented by U-Line.

21. At times since May 21, 2015, U-Line has implemented a common policy of rounding the start and end times of Plaintiff Waits', the Collective Rounding Class', and the Wisconsin Rounding Class' daily work hours as recorded in the U-Line's timekeeping system.

22. Since May 21, 2015, U-Line has rounded the recorded start times of Plaintiff Waits, the Collective Rounding Class, and the Wisconsin Rounding Class in five minute increments so that the start of the compensatory workday rounded in both the employee and U-Line's favor provided that the respective employee's recorded start time preceded his or her scheduled shift start on any given day. (i.e., "Pre-Shift Rounding").

23. As illustrative examples of U-Line's Pre-Shift Rounding practice since May 21, 2015, an employee that has punched in at 5:58 a.m. for a 6:00 a.m. scheduled shift start would have his or her compensable work hours rounded to 6:00

a.m. for that workday. Similarly, an employee that has punched in at 5:56 a.m. for a 6:00 a.m. scheduled shift start would have his or her compensable work hours rounded to 5:55 a.m. for that workday.

24.     In contrast to its Pre-Shift Rounding practice, U-Line has rounded start punches of Plaintiff Waits, the Collective Rounding Class, and the Wisconsin Rounding Class that occurred after the start of their respective scheduled, shift start times in fifteen increments so that the start of the compensable workday only rounded in U-Line's favor since May 21, 2015 (i.e, "Late Punch Rounding").

25.     As an illustrative example of U-Line's Late Punch Rounding practice, an employee that punched in at 6:02 a.m. for a 6:00 a.m. scheduled shift start would have his or her compensable work hours rounded to 6:15 a.m. for that workday.

26.     Similarly to its Late Punch Rounding practice, U-Line has rounded end of workday punches by Plaintiff Waits, the Collective Rounding Class, and the Wisconsin Rounding Class that occurred after the end of the scheduled, shift end time back to the scheduled, shift end time so that the end of the compensable workday only rounded in U-Line's favor since May 21, 2015 (i.e., "Post-Shift Rounding").

27.     As an illustrative example of U-Line's Post-Shift Rounding practice, an employee that punched out at 4:35 p.m. with a scheduled end time of 4:30 p.m. would have his or her compensable work hours rounded to 4:30 p.m. for that workday.

28.     Since May 21, 2015, Plaintiff Waits, the Collective Rounding Class, and the Wisconsin Rounding Class have performed work during the periods of time that were rounded only in U-Line's favor under U-Line's Late Punch Rounding and Post-Shift Rounding practices.

29.     Since May 21, 2015, U-Line has regularly suffered or permitted Plaintiff Waits, the Collective Classes, and the Wisconsin Classes to work in excess of forty hours per workweek, including work hours that were rounded only in U-Line's favor under its Late-Punch Rounding and Post-Shift Rounding practices.

30.     Since May 21, 2015, U-Line's rounding practices as alleged herein have functioned to deprive Plaintiff Waits, the Collective Rounding Class, and the Wisconsin Rounding Class of compensation for all hours worked, including hours over forty in a workweek, in violation of the FLSA and Wisconsin law.

31.     At times since May 21, 2015, U-Line has paid Plaintiff Waits, the Collective Bonus Class, and the Wisconsin Bonus Class certain non-discretionary bonuses, including attendance bonuses, in addition to their hourly rates.

32.     At times since May 21, 2015, U-Line has suffered or permitted Plaintiff Waits, the Collective Bonus Class, and the Wisconsin Bonus Class to work in excess of forty hours in workweeks during which they have, at least partially, earned non-discretionary bonuses such as attendance bonuses.

33.     At times since May 21, 2015, U-Line has had a common practice of failing to include non-discretionary bonuses, including attending bonuses, in its calculations of the regular rates of Plaintiff Waits, the Collective Bonus Class, and

the Wisconsin Bonus Class for the purposes of determining overtime compensation owed to Plaintiff Waits, the Collective Bonus Class, and the Wisconsin Bonus Class.

34.     As a result of U-Line's common practice of failing to include non-discretionary bonuses in Plaintiff Waits', the Collective Bonus Class', and the Wisconsin Bonus Class' regular rates for purposes of computing overtime compensation owed, U-Line has deprived Plaintiff Waits, the Collective Bonus Class, and the Wisconsin Bonus Class of all overtime wages owed pursuant to the FLSA and Wisconsin law at times since May 21, 2015.

35.     U-Line's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Waits, the Collective Classes, and the Wisconsin Classes.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

36.     Plaintiff Waits and the Collective Classes are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to U-Line's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including minimum wage and overtime compensation. The claims of Plaintiff Waits as stated herein are the same as those of the Collective Classes.

37.     Plaintiff Waits and the Collective Classes seek relief on a collective basis challenging, among other FLSA violations, U-Line's practices of rounding employee work hours in a manner that causes such employees to be

undercompensated for all hours worked and recorded in U-Line's timekeeping system – including hours worked in excess of forty in a workweek – and failing to include non-discretionary bonuses in employees' regular rates of pay for purposes of calculating overtime compensation.

38.     The FLSA Section 216(b) Collective Classes' members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from U-Line. Notice can be provided to the Collective Classes via first class mail to the last address known to U-Line and through posting at U-Line's facility in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

39.     Plaintiff Waits brings his Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Classes for violations occurring on or after May 21, 2016.

40.     The proposed Wisconsin Classes' members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the Parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of U-Line, upon information and belief, there are over 40 members in each of the proposed Wisconsin Classes.

41.     Plaintiff Waits' claims are typical of those claims that could be alleged by any member of the Wisconsin Classes, and the relief sought is typical of the relief

that would be sought by each member of the Wisconsin Classes in separate actions. The alleged claims arise out of the same corporate practices and/or policies of U-Line and U-Line benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Classes. Plaintiff Waits and the other members of the Wisconsin Classes have sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

42. Plaintiff Waits is able to fairly and adequately protect the interests of the Wisconsin Classes, has no interests antagonistic to the Wisconsin Classes, and has retained counsel experienced in complex wage and hour class action litigation.

43. There are questions of fact and law common to the members of the respective Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the respective Wisconsin Classes' members and arising from U-Line's common actions include, without limitation, the following:

a) Whether U-Line's practice of rounding employee start and end times violated Wisconsin's wage laws;

b) Whether U-Line's failure to incorporate non-discretionary bonuses into its hourly employees regular rates of pay for determining overtime compensation violated Wisconsin's wage laws; and

c) The nature and extent of class-wide injury and the measure of damages for the injury.

44. A class action is superior to any other available methods for the fair and efficient adjudication of these controversies, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to

vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

45.     The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act – Unpaid Overtime**
**Compensation and Minimum Wages**
**(As to Plaintiff Waits and the Collective Rounding Class)**

46.     Plaintiff Waits, individually and on behalf of the Collective Rounding Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

47.     Since May 21, 2015, Plaintiff Waits and the Collective Rounding Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

48.     Since May 21, 2015, U-Line has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

49.     Since May 21, 2015, Plaintiff Waits and the members of the Collective Rounding Class have been employees within the meaning of 29 U.S.C. § 203(e).

50.     Since May 21, 2015, U-Line has been an employer of Plaintiff Waits and the Collective Rounding Class as provided under 29 U.S.C. § 203(d).

51.     Since May 21, 2015, U-Line has violated the FLSA by failing to pay Plaintiff Waits and the Collective Rounding Class at the mandated minimum wage

rates for all hours worked in a workweek and/or at the mandated overtime rate for all hours worked in excess of forty in a workweek as result of its common rounding practices as described herein.

52.     Plaintiff Waits and the Collective Rounding Class are entitled to damages equal to mandated minimum wage rates and overtime premium pay for all hours worked and rounded against their favor as a result of U-Line's common rounding practices within the three years prior to the filing of this Complaint, plus periods of equitable tolling because U-Line acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

53.     U-Line's failure to properly compensate Plaintiff Waits and the Collective Rounding Class for all compensable work time was willfully perpetrated and Plaintiff Waits and the Collective Rounding Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

54.     Alternatively, should the Court find that U-Line did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Waits and the Collective Rounding Class are entitled to an award of pre-judgment interest at the applicable legal rate.

55.     Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum and overtime wages.

## SECOND CLAIM FOR RELIEF
## <u>Violations of the Fair Labor Standards Act – Unpaid Overtime</u>
## <u>Compensation</u>
## (As to Plaintiff Waits and the Collective Bonus Class)

56.     Plaintiff Waits, individually and on behalf of the Collective Bonus Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

57.     Since May 21, 2015, Plaintiff Waits and the Collective Bonus Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

58.     Since May 21, 2015, U-Line has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

59.     Since May 21, 2015, Plaintiff Waits and the members of the Collective Bonus Class have been employees within the meaning of 29 U.S.C. § 203(e).

60.     Since May 21, 2015, U-Line has been an employer of Plaintiff Waits and the Collective Bonus Class as provided under 29 U.S.C. § 203(d).

61.     Since May 21, 2015, U-Line has violated the FLSA by failing to pay Plaintiff Waits and the Collective Bonus Class at the mandated overtime rate for all hours worked in excess of forty in a workweek as result of its common practice of failing to include non-discretionary bonuses in their regular rates of pay when computing overtime wages owed.

62.     Plaintiff Waits and the Collective Bonus Class are entitled to damages equal to mandated overtime premium pay for all hours worked in excess of forty in workweeks in which they also earned, at least partially, non-discretionary bonuses

as a result of U-Line's common practices regarding such bonuses within the three years prior to the filing of this Complaint, plus periods of equitable tolling because U-Line acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

63.     U-Line's failure to properly compensate Plaintiff Waits and the Collective Bonus Class at the mandated overtime rates was willfully perpetrated and Plaintiff Waits and the Collective Bonus Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

64.     Alternatively, should the Court find that U-Line did not act willfully in failing to pay overtime premium wages, Plaintiff Waits and the Collective Bonus Class are entitled to an award of pre-judgment interest at the applicable legal rate.

65.     Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum and overtime wages.

**THIRD CLAIM FOR RELIEF**
**Violation of Wisconsin Law – Unpaid Minimum, Overtime, and Agreed-Upon Wages**
**(As to Plaintiff Waits and the Wisconsin Rounding Class)**

66.     Plaintiff Waits, individually and on behalf of the Wisconsin Rounding Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

67. Since May 21, 2016, Plaintiff Waits and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

68. Since May 21, 2016, Plaintiff Waits and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

69. Since May 21, 2016, Plaintiff Waits and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

70. Since May 21, 2016, Plaintiff Waits and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

71. Since May 21, 2016, Plaintiff Waits and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

72. Since May 21, 2016, U-Line was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

73. Since May 21, 2016, U-Line was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

74. Since May 21, 2016, U-Line was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

75. Since May 21, 2016, U-Line was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

76. Since May 21, 2016, U-Line was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

77. Since May 21, 2016, U-Line has employed, and/or continues to employ Plaintiff Waits and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

78. Since May 21, 2016, U-Line has employed, and/or continues to employ Plaintiff Waits and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

79. Since May 21, 2016, U-Line has employed, and/or continues to employ Plaintiff Waits and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

80. Since May 21, 2016, U-Line has employed, and/or continues to employ Plaintiff Waits and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

81. Since May 21, 2016, U-Line has employed, and/or continues to employ Plaintiff Waits and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

82. Since May 21, 2016, Plaintiff Waits and the Wisconsin Rounding Class regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities as a result of U-Line's rounding practices as described herein.

83. Since May 21, 2016, U-Line had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Rounding Class minimum, overtime, and/or

agreed-upon wages for all hours worked as a result of its illegal rounding practices as described herein.

84.     Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

85.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of minimum, overtime, and agreed upon wages.

86.     As set forth above, Plaintiff Waits and the Wisconsin Rounding Class have sustained losses in their compensation as a proximate result of U-Line's violations incurred due to its rounding practices. Accordingly, Plaintiff Waits, individually and on behalf of the Wisconsin Rounding Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring U-Line to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

87.     Under Wis. Stat. §109.11, Plaintiff Waits and the Wisconsin Rounding Class are be entitled to civil penalties equal and up to fifty percent of their unpaid wages.

88.     Plaintiff Waits, individually and on behalf of the Wisconsin Rounding Class, seeks recovery of his reasonable attorneys' fees and costs incurred in this action to be paid by U-Line, pursuant to the Wisconsin law.

**FOURTH CLAIM FOR RELIEF**
**Violation of Wisconsin Law – Unpaid Overtime Wages**
**(As to Plaintiff Waits and the Wisconsin Bonus Class)**

89.    Plaintiff Waits, individually and on behalf of the Wisconsin Bonus Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

90.    Since May 21, 2016, Plaintiff Waits and the Wisconsin Bonus Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

91.    Since May 21, 2016, Plaintiff Waits and the Wisconsin Bonus Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

92.    Since May 21, 2016, Plaintiff Waits and the Wisconsin Bonus Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq*.

93.    Since May 21, 2016, Plaintiff Waits and the Wisconsin Bonus Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

94.    Since May 21, 2016, Plaintiff Waits and the Wisconsin Bonus Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

95.    Since May 21, 2016, U-Line was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

96.    Since May 21, 2016, U-Line was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

97.    Since May 21, 2016, U-Line was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

98. Since May 21, 2016, U-Line was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

99. Since May 21, 2016, U-Line was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

100. Since May 21, 2016, U-Line has employed, and/or continues to employ Plaintiff Waits and the Wisconsin Bonus Class within the meaning of Wis. Stat. §§ 109.01 *et seq*.

101. Since May 21, 2016, U-Line has employed, and/or continues to employ Plaintiff Waits and the Wisconsin Bonus Class within the meaning of Wis. Stat. §§ 103.001 *et seq*.

102. Since May 21, 2016, U-Line has employed, and/or continues to employ Plaintiff Waits and the Wisconsin Bonus Class within the meaning of Wis. Stat. §§ 104.01 *et seq*.

103. Since May 21, 2016, U-Line has employed, and/or continues to employ Plaintiff Waits and the Wisconsin Bonus Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

104. Since May 21, 2016, U-Line has employed, and/or continues to employ Plaintiff Waits and the Wisconsin Bonus Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

105. Since May 21, 2016, Plaintiff Waits and the Wisconsin Bonus Class were deprived of overtime compensation due under Wisconsin law as a result of U-

Line's failure to include non-discretionary bonuses in their regular rates of pay when calculating overtime pay as described herein.

106.    Since May 21, 2016, U-Line had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Bonus Class wages for all hours worked as a result of its failure to include non-discretionary bonuses in their regular rates of pay as described herein.

107.    Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

108.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime wages.

109.    As set forth above, Plaintiff Waits and the Wisconsin Bonus Class have sustained losses in their compensation as a proximate result of U-Line's violations incurred due to its failure to include non-discretionary bonuses in their regular rates of pay. Accordingly, Plaintiff Waits, individually and on behalf of the Wisconsin Bonus Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring U-Line to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

110.    Under Wis. Stat. §109.11, Plaintiff Waits and the Wisconsin Bonus Class are be entitled to civil penalties equal and up to fifty percent of their unpaid wages.

111.    Plaintiff Waits, individually and on behalf of the Wisconsin Bonus Class, seeks recovery of his reasonable attorneys' fees and costs incurred in this action to be paid by U-Line, pursuant to the Wisconsin law.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Waits, individually and on behalf of all members of the Collective Classes and Wisconsin Classes, hereby respectfully requests the following relief:

a) At the earliest time possible, an order designating this action as a collective action on behalf of the Collective Classes and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Classes;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d) An order designating Plaintiff Michael Waits as the Named Plaintiff and as representative of the Wisconsin Classes as set forth herein;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f)  Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring U-Line's actions as described in the Complaint as unlawful and in violation of Wisconsin Law and its applicable regulations;

g) An Order finding that U-Line violated the FLSA and Wisconsin wage and hour laws;

h) An Order finding that these violations are willful, dilatory, and/or unjust;

i)  Judgement against U-Line in the amount equal to the Plaintiff's, the Collective Classes', and the Wisconsin Classes' unpaid wages at the

applicable minimum wage, agreed-upon wage, and overtime premium rates as provided for under the FLSA and/or Wisconsin law;

j) An award to Plaintiff Waits, the Collective Classes, and the Wisconsin Classes in the amount of all liquidated damages and civil penalties as provided for under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 25th day of June, 2018.

Respectfully submitted,

**HAWKS QUINDEL S.C.**

By: _s/ Timothy P. Maynard_
    Larry A. Johnson, SBN 1056619
    Summer H. Murshid, SBN 1075404
    Timothy P. Maynard, SBN 1080953
    Claire G. Roehre, SBN 1103202
    Hawks Quindel, S.C.
    222 East Erie Street, Suite 210
    PO Box 442
    Milwaukee, WI 53201-0442
    Telephone: 414-271-8650
    Fax: 414-271-8442
    Email:    ljohnson@hq-law.com
            smurshid@hq-law.com
            tmaynard@hq-law.com
            croehre@hq-law.com

    Attorneys for Plaintiffs