## Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Michael Waits ("Waits"), both individually and on behalf of the individuals who may join this matter pursuant to 29 U.S.C. § 216(b) (the "Collective") and the putative Rule 23 class action members (the "Rule 23 Class"), and U-Line Corporation ("U-Line").

## Recitals

WHEREAS, Waits alleges that U-Line failed to pay him and U-Line's other hourly employees overtime and agreed upon wages for all hours worked as a result of U-Line's payroll practice of rounding employees' start and end times.

WHEREAS, U-Line denies the allegations and denies liability.

WHEREAS, U-Line has provided substantial data and information relevant to Waits' allegations to Waits' Counsel, Hawks Quindel, S.C., and, after a detailed analysis of the data, the Parties entered into arm's length negotiations and agreed upon a total settlement fund to provide compensation for the alleged unpaid wages to Waits, the Collective Class, and the putative Rule 23 Class.

WHEREAS, Hawks Quindel, S.C., has represented Waits and negotiated with U-Line at arm's length throughout this matter to ensure that Waits, the Collective Class, and putative Rule 23 Class are properly compensated for time spent working for U-Line from July 27, 2014, through December 31, 2016.

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with litigation.

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

## I. General Terms of Settlement

A. For the purpose of settlement only, the Parties agree to stipulate to a FED.R.CIV.P. 23 class as defined in Section IV.A., below (the "Rule 23 Class").

B. For purposes of settlement only, the Parties agree to stipulate to conditional certification under 29 U.S.C. 216(b) for a collective defined in Section IV.B, below (the "Collective").

1

C.	In exchange for the Release of Claims and other promises contained herein, U-Line will, in accordance with the manner and timing provided for in Sections III(A)–IV(G), below, make payments to Waits, the Collective, the Rule 23 Class, and Waits' Legal Counsel, Hawks Quindel, S.C., in the amounts identified in Section III, below, and Exhibit A to this Agreement.

D.	Waits understands and acknowledges that, although U-Line is entering into this Agreement and making the payments hereunder, U-Line does not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in Section II.A. below, and expressly denies the same.

## II.	Release of Claims, Acknowledgments, and Agreement to Cooperate

A.	Waits' Release of Claims.

Waits hereby and forever completely releases and discharges U-Line from any and all claims of any kind which arise out of or are in any manner based upon or related to the employment relationship between Waits and U-Line based on any act or omission that occurred at any point up to the date of his signature on this Agreement. Waits' release of claims against U-Line, includes: (1) claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), or Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum meruit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) state or federal parental, family and medical leave acts; (11) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (12) or arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action. This release does waive any claims Waits has against U-Line under workers compensation laws.

2

B.    Rule 23 Class Members Release of Claims.

Upon final approval of this Settlement Agreement, the Rule 23 Class members, as listed in Exhibit A, will release their Wisconsin law claims for unpaid minimum, overtime, and/or agreed upon wages resulting from U-Line's alleged failure to pay for all hours worked before that individual's scheduled start time and after that individual's schedule end time as well as the failure to properly calculate the regular rate for purposes of computing overtime compensation between May 21, 2016 and November 14, 2018.

C.    Collective Members Release of Claims.

Upon final approval of this Settlement Agreement, the Collective Members, as listed in Exhibit A, who have timely returned their consent forms will release their minimum wage and overtime wage claims under the FLSA resulting from U-Line's alleged failure to pay for all hours worked before that individual's scheduled start time and after that individual's scheduled end time as well as the failure to properly calculate the regular rate for purposes of computing overtime compensation between May 21, 2015 and November 14, 2018.

D.    Acknowledgments and Agreement to Cooperate.

Waits acknowledges and agrees that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of overtime compensation, agreed upon wages, liquidated damages, civil penalties, and his legal fees and costs. Waits further agrees that this settlement represents fair and reasonable compensation for any unpaid wages he may have accrued during his employment with U-Line, inclusive of any claim for liquidated damages. Waits further acknowledges and agrees he has been given sufficient time to read this Agreement and its attached Exhibits A-D prior to his execution of it, understands their terms, and has consulted with Hawks Quindel, S.C., about the legal effects of this Agreement. Finally, Waits agrees to direct his counsel, Hawks Quindel, S.C., to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorizes Hawks Quindel, S.C., to work cooperatively with U-Line to seek judicial approval of this agreement, including preparation of court required pleadings.

### III. Settlement Payments

A. Settlement Fund.

As consideration for the releases in Section II above, U-Line shall pay $232,500.00 (the "Settlement Fund"). This Settlement Fund is inclusive of attorneys' fees and costs, liquidated damages, civil penalties, compensatory and punitive damages, an incentive payment to Waits, and Service payments as described below. If the Settlement Agreement is not approved by the Court, U-Line will cease to have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

B. Allocation of the Settlement Fund.

1. Service Payments - $7,500.00 of the Settlement Fund shall be allocated as a service payment to Waits in recognition of him in bringing this claim, serving as the Named Plaintiff and class representative, providing information to and assisting Counsel in bringing this matter as a class action, his insistence that the matter be resolved on class-wide basis, and the assistance he provided Plaintiff's Counsel in bringing this matter to resolution. In addition, $3,000.00 of the Settlement Fund shall be allocated as service payments ($500.00/person) to Anthony Dixson, Jazmyne Hardin, Yolanda Pickens, Shaun Regazzi, Antonio Stewart and Maria Zavala Hernandez in recognition of their assistance to Counsel in providing critical information that allowed Counsel to evaluate U-Line's claims and payroll information. U-Line will issue an IRS Form 1099 to each Service Payment recipient for these service payments.

2. Attorneys' fees - $77,500.00 of the Settlement Fund shall be allocated as attorneys' fees. Plaintiff's Counsel will move the Court for an award of attorneys' fees twenty-one days prior to the Fairness Hearing.

3. Costs - $4,995.73 of the Settlement Fund shall be allocated as costs.

4. Contingency and Ongoing Cost Fund - $10,000.00 of the Settlement Fund shall be held in a reserve fund to address any issues which may arise in the administration of the settlement and/or pay for additional costs which may arise in the administration of the settlement including postage, copying, and

4

skip traces. This amount will be reallocated to the Wisconsin Settlement Fund and the FLSA Settlement Fund to be distributed on a pro-rata basis in the final allocation provided by Plaintiff's Counsel to U-Line's Counsel within seven days of the Final Order Approving Settlement.

5.     Settlement Class Funds – The remaining portion of the Settlement Fund, $129,504.27, shall be allocated among two separate funds:

    a.   Wisconsin Settlement Fund – $75,929.35 of the Settlement Fund shall be allocated to the Wisconsin Settlement Fund. Each Rule 23 Class Member shall receive a pro-rata share of the Wisconsin Settlement Fund in an amount not to exceed the figure set forth for such Rule 23 Class Member in Exhibit A (subject to increase with the allocation of the Contingency and Ongoing Cost Fund after the Fairness Hearing). For tax purposes, two-thirds of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. Where possible and permitted by law, U-Line will make the maximum payroll withholding at the single rate on its unpaid wages payment to each Rule 23 Class Member whose social security number and/or other personal information required for making payment cannot be retrieved despite the parties' best efforts. U-Line will report the unpaid wages portion to each Rule 23 Class Member on an IRS Form W2. One-third shall be attributed to civil penalties for which each Rule 23 Class Member will receive an IRS Form 1099 from U-Line. Where possible and permitted by law, U-Line will withhold in the form of a backup withholding 24% of the civil penalties payment for each Rule 23 Class Member whose social security number and/or other personal information required for making payment cannot be retrieved despite the parties' best efforts.

    b.   The FLSA Settlement Fund - $53,574.92 of the Settlement Fund shall be allocated to the FLSA Settlement Fund. Each individual who opted into this matter shall receive a pro-rata share of the FLSA Settlement Fund in an amount set forth for such individual in Exhibit A (subject to increase with the allocation of the Contingency and Ongoing Cost Fund after the Fairness Hearing). For tax purposes, one-half of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. Where possible and permitted by law, U-Line will make the maximum

5

withholding at the single rate on its unpaid wages payment to each Collective Member whose social security number and/or other personal information required for making payment cannot be retrieved despite the parties' best efforts. U-Line will report the unpaid wages portion to each opt-in plaintiff on an IRS Form W2. One-half shall be attributed to liquidated damages for which each opt-in plaintiff will receive an IRS Form 1099 from U-Line. Where possible and permitted by law, U-Line will withhold in the form of a backup withholding 24% of the civil penalties payment for each Collective Member whose social security number and/or other personal information required for making payment cannot be retrieved despite the parties' best efforts.

c.  The Parties agree that payment of the amounts set forth in this Paragraph 5 may be made by the third-party temporary agencies that employed any Rule 23 Class and/or Collective Member at the time they worked at U-Line.

## IV.  Settlement Approval Process.

A.  Stipulation to FED.R.CIV.P. 23 Class Certification.

The Parties agree to stipulate to FED.R.CIV.P. 23 Class Certification of the following class:

All hourly employees employed by U-Line between May 21, 2016 and November 14, 2018, whose names appear on Exhibit A to this Agreement (to include Opt-Ins Michael Waits, Anthony Dixson, Jazmyne Hardin, Yolanda Pickens, Shaun Regazzi, Antonio Stewart, Maria Zavala Hernandez unless they later opt out during the Rule 23 notice process) who do not exclude themselves.

The stipulation will state that the Parties are so stipulating for settlement purposes only and if this Agreement is not approved by the Court, the Parties agree that this stipulation will be void. The stipulation is attached as Exhibit C to this Agreement.

B.  Stipulation to 29 U.S.C. §216(b) Collective Certification.

The Parties agree to stipulate to 29 U.S.C. §216(b) conditional certification of the following collective:

All hourly employees employed by U-Line between May 21, 2015 and November 14, 2018, whose names appear on Exhibit A to

6

this Agreement (to include Opt-Ins Michael Waits, Anthony Dixson, Jazmyne Hardin, Yolanda Pickens, Shaun Regazzi, Antonio Stewart, Maria Zavala Hernandez) and who have timely returned consent forms.

The stipulation will state that the Parties are so stipulating for settlement purposes only and if this Agreement is not approved by the Court, the Parties agree that this stipulation will be void. The stipulation is attached as Exhibit C to this Agreement.

C.   Class List.

No later than January 25, 2019, U-Line shall provide to Class Counsel a class list which shall include the names, addresses and phone numbers of the putative class members. Where the address and/or phone number of any putative class member is unavailable to U-Line, U-Line will use its best efforts to acquire and provide that information.

D.   Preliminary Approval of Settlement.

The Parties will file with the Court, by January 11, 2019, a Joint Motion for Preliminary Approval of Settlement and a Proposed Order Approving Settlement, and supporting brief, in a form mutually agreed to by the Parties. Plaintiff's Counsel will draft these documents. A fully executed copy of this Agreement will be attached to the Motion for Approval. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement. The joint motion will request the following relief:

1.   Preliminary approval of the settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

2.   Certification of this case as a class action under FED.R.CIV.P. 23 for purposes of this Settlement;

3.   Certification of this case as a collective action under 29 U.S.C. §216(b) for purposes of this Settlement;

4.   Appointing Michael Waits as a Class Representative;

5.   Appointing Hawks Quindel, S.C., as Class Counsel pursuant to FED.R.CIV.P. 23(g);

6.   A finding that the Notice to be given constitutes the best notice practicable under the circumstances for distribution to all members of the Rule 23 Class and the FLSA Collective,

7

including individual notice to all Rule 23 Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Rule 23 Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

7.     Approving the Notice in the form of Exhibit B for distribution to all Class Members;

8.     A direction that each potential Rule 23 Class Member who wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice, and that their response must be received within thirty days of mailing of the Notice;

9.     A direction that any Rule 23 Class Member who has not properly and timely requested exclusion from the Rule 23 Settlement Class shall be bound in the event the Court issues a Final Order Approving Settlement;

10.    A direction that each putative member of the FLSA Collective who wishes to include their FLSA claims in this Action must submit the consent form attached to the Notice as Exhibit B ("the Consent form") to opt in to the Action consistent with, and by the deadline set forth in, the Notice (such Consent form to require a putative member of the FLSA collective to provide their Social Security Number if U-Line does not already possess it) ;

11.    The conducting of a Fairness Hearing not less than 60 days after the date of the Preliminary Approval Order to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

12.    A direction that Class Counsel shall file a Motion for Approval of Attorneys' Fees and Costs 30 days after the date of the Preliminary Approval Order, and a direction that any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees be filed at least seven days before the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel;

13.    A direction that any Rule 23 Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than thirty days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Class Notice shall state that the Court will not consider objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

E.    Objection to Settlement.

Any Class Member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Preliminary Order Approving Settlement (which shall be thirty days after the mailing of the Class Notice), file any such objection with the Court and provide copies of the objection to both Class Counsel and Counsel for U-Line.

Any objection to the Settlement Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing; and (v) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Class Member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

F.    Request for Exclusion.

Any Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion no later than thirty days after the mailing of the Notice. Any Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement.

G.    Fairness hearing.

On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held at which the Court will: (i) decide whether to certify the Settlement Class; (ii) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate; and, (iii) decide Class Counsel's Motion for Attorneys' Fees and Costs.

H.   Entry of Judgment.

If this Settlement Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

1.   Certifying the Settlement Class pursuant to FED.R.CIV.P. 23;

2.   Certifying the FLSA Collective Class pursuant to 29 U.S.C. §216(b);

3.   Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the Collective Class and the Rule 23 Class;

4.   Appointing Waits as Class Representative for the Settlement Classes;

5.   Appointing Hawks Quindel, S.C. as Class Counsel;

6.   Declaring the Settlement Agreement to be binding on U-Line, Waits, the Collective Class, as well as all of the Rule 23 Class members who have not been excluded;

7.   Dismissing with prejudice the Collective Class Members' released FLSA claims; and

8.   Dismissing with prejudice the Rule 23 Class members' released claims;

9.   Dismissing without prejudice the claims of the Rule 23 Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in this Settlement Agreement; and

10.  Indicating the amount of attorneys' fees and costs to be awarded to Class Counsel consistent with the Settlement.

DocuSign Envelope ID: C16C319E-5E4A-4652-8630-BFBF9EEF0E94

I.     Settlement Administration.

If the Court grants Preliminary Approval of this Settlement Agreement, the settlement will be administered by Plaintiff's Counsel. The Parties agree to the following procedure for settlement administration:

1.     Settlement Allocations. Individual settlement allocations shall be made in at least the amounts set forth in Exhibit A, minus applicable deductions and withholdings as set forth in Part III.B.5 of this Agreement. Within seven days of the Court's Order on Final Approval, Plaintiff's Counsel will reallocate the Contingency and Ongoing Cost Fund and provide that allocation to U-Line's Counsel for processing. Each check will indicate that it is void after 90 days.

2.     Tax-Related Information Necessary for Payment. The parties mutually agree and acknowledge that in order for payment to be made by U-Line without the backup withholding 1099 payment terms outlined in Part III.B.5 of this Agreement and/or without the maximum W2 withholding payment terms outlined in Part III.B.5 of this Agreement, U-Line must make best efforts to receive all social security numbers and/or other personal information required for making payment to each individual listed in Exhibit A. The parties agree they will make their best efforts to retrieve this information for every Rule 23 Class Member and Collective Member prior to U-Line making the payments outlined in Exhibit A.

3.     Issuance of Notice. Within seven days of the Court's Order granting preliminary approval of the Settlement, Plaintiff's Counsel will mail the Notice to the Class Members in a form substantially similar to what is attached hereto as Exhibit B and made a part of this Settlement Agreement, along with a self-addressed envelope. The Notice will be sent by first-class U.S. Mail. The Notice shall inform Class Members of their right to exclude themselves from the settlement and the approximate amount they are entitled to receive if they choose to participate in the settlement as stated in Exhibit A.

If the mailing of Notice is returned as undeliverable, Plaintiff's Counsel shall take other appropriate steps to identify proper current addresses for the Class Members. If, after a second mailing of the Notice, the Notice is returned by the postal service as undeliverable, the Parties shall be deemed to have

11

satisfied their obligation to provide the applicable Notice to that Class Member.

4.      Payment schedule. Within thirty days of the Court's Order Finally Approving the Class Action Settlement, U-Line will deliver to Plaintiff's Counsel all individual settlement checks for those Rule 23 Class members and Collective members for whom U-Line has all social security numbers and/or other personal information necessary for processing payment. For those Rule 23 Class Members and Collective Members for whom U-Line does not have social security numbers and/or other personal information necessary for making payment, the parties will attempt to retrieve the subject information within 30 days from the Court's Order Finally Approving Settlement. If after the expiration of those 30 days, the parties are unable to retrieve the subject information despite their best efforts, U-Line will, where possible and permitted by law, then deliver the remaining settlement checks to Plaintiff's counsel in the amounts set forth in Exhibit A for each Rule 23 Class Member and Collective Member for whom U-Line does not have such information, less the backup withholding 1099 payment terms outlined in Part III.B.5 of this Agreement and/or less the maximum W2 withholding payment terms outlined in Part III.B.5 of this Agreement. If payment cannot be made because U-Line does not have social security numbers or other personal information necessary for processing payment, and the withholding terms set forth in Part III.B.5 cannot be followed for any reason, U-Line will make such payment to the cy pres recipient set forth in Paragraph 6. The allocation of each payment is provided in Exhibit A and totals $232,500. Within seven days of receiving these checks, Plaintiff's Counsel will mail them to the class members. Each settlement check shall indicate on its face that it is void after 90 days of issuance.

5.      Reverter. Any portion of the FLSA Settlement Fund attributable to an individual who does not return a consent form to opt-in and assert his/her claims shall revert to U-Line. Any portion of the Wisconsin Settlement Fund attributable to an individual who excludes him or herself shall revert to U-Line.

6.      Cy Pres. Any payments made from the FLSA Settlement Fund or Wisconsin Settlement fund  attributable to (1) Rule 23 Class and Collective Members for whom payment cannot be processed because the procedures set forth in Paragraph III.B.5 cannot be followed; and (2) checks not cashed after 90 days from date of

12

DocuSign Envelope ID: C16C319E-5E4A-4652-8630-BFBF9EEF0E94

issuance, shall be paid to the Employee Rights Advocacy Institute for Law & Policy, 2201 Broadway, Suite 420, Oakland, CA 94612. Payment to the cy pres recipient for either of the above two reasons shall be made within 90 days after the expiration of the last uncashed check. Each check shall state on the face of the check that it is void after 60 days. Defense Counsel shall send Plaintiff's Counsel a written accounting of the funds paid to the Cy Pres Recipient – including identification of voided checks going to Cy Pres – at least 7 days prior to making payment to the Cy Pres Recipient.

## V. Enforcement of Settlement Agreement

The Parties agree to seek dismissal with prejudice of the Waits', the Collective Class Members', and the Rule 23 Class Members' released claims effective on the date on which the Settlement Agreement is approved by the Court while also ensuring that the Court which has approved the Settlement Agreement retains jurisdiction to enforce the terms of the Settlement Agreement. Accordingly, the Parties agree to submit a proposed order – attached as Exhibit D to this Agreement – which (1) approves the Settlement Agreement as a fair and reasonable resolution of bona fide disputes under the FLSA and Wisconsin law; (2) approves an award of Attorneys' fees and costs as fair and reasonable; (3) dismisses the case with prejudice as of the date of entry of such Order, and (4) requests the entry of mandatory injunction against U-Line that:

    A.    Orders U-Line to make payments as set forth in the Settlement Agreement and its Exhibits; and

    B.    Consents to the Court's retained jurisdiction over this matter for purposes of enforcing the terms of the settlement agreement and the mandatory injunction.

Nothing in this Agreement shall limit or waive Waits', the Collective Class Members', and the Rule 23 Class Members' ability to pursue a cause of action arising out of U-Line's failure to comply with the terms of such mandatory injunction. Failure to timely comply with such mandatory injunction's terms shall result in Waits', the Collective Class Members', and the Rule 23 Class Members' ability to seek enforcement of the terms of the mandatory injunction, including an award of additional attorneys' fees and costs incurred in any such enforcement action. The Parties specifically consent to the Court's jurisdiction to enforce the Settlement Agreement in this matter and the mandatory injunction over this matter after approval of settlement and that Exhibit D satisfies the requirements of Fed. R. Civ. P. 65(d).

## VI. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VII. Entire Agreement

This document and its Exhibits A-D constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Waits expressly acknowledges that he is not relying on advice from anyone from U-Line, including U-Line's principals, owners, or attorneys, or any other individual or entity other than Hawks Quindel, S.C.

## VIII. Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## IX. Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

 IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.


1/11/2019
_____
Dated

DocuSigned by:
_____
32758387125145E...
Michael Waits on behalf of himself, the Rule 23 Class, and the Collective Class


_____
Dated

U-Line Corporation


By: _____


Its: _____


14

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VII.   Entire Agreement

This document and its Exhibits A-D constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Waits expressly acknowledges that he is not relying on advice from anyone from U-Line, including U-Line's principals, owners, or attorneys, or any other individual or entity other than Hawks Quindel, S.C.

## VIII.  Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## IX.   Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____
Dated

_____
Michael Waits on behalf of himself, the
Rule 23 Class, and the Collective Class

_____1/11/19_____
Dated

U-Line Corporation

By: _____SKaasel_____

Its: _____CONTROLLER_____

14